**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ADRIENNE PAGE,

Plaintiff,

vs.

ZWICKER & ASSOCIATES, P.C.,

Defendant

## COMPLAINT

1. Plaintiff Adrienne Page brings this action against Zwicker & Associates, P.C., to secure redress for deceptive collection conduct.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Adrienne Page is a resident of Tampico, IL.

5. Defendant Zwicker & Associates, P.C., is a law firm organized as a Massachusetts corporation. Its principal office is located at 80 Minuteman Rd., Andover, MA 01810. It also has an office at 5500 Pearl Street, Suite 105, Rosemont, IL 60018, from which the conduct complained of took place, at least in part. Its registered agent and office in Illinois is C T Corporation System, 208 S. La Salle St., Suite 814, Chicago, IL 60604-1101.

6. Zwicker & Associates, P.C., states on its website that "Zwicker & Associates, P.C. is a law firm whose primary business function is debt collection; as such, this communication with our firm is an attempt to collect a debt and any information obtained will be used for that purpose." (https://www.zwickerpc.com/services)

7. The website also states (https://www.zwickerpc.com/), "In the representation of our creditor clients, it's on us at Zwicker & Associates, P.C., to present repayment alternatives. [¶] While seeking repayment for the creditors we represent, we don't lose sight of the respect their customers deserve. [¶] We attempt — consistently and compliantly — to provide agreeable repayment solutions for our creditor clients and their customers."

8. Zwicker & Associates, P.C., uses the mails, telephone system and internet to collect consumer debts owed to others.

9. Zwicker & Associates, P.C., is a debt collector as defined in the FDCPA.

**FACTS**

10. Zwicker & Associates, P.C., has been attempting to collect from Ms. Page a credit card debt owed to American Express National Bank. The card was used for personal, family or household purposes and not for business purposes.

11. Ms. Page encountered financial problems and defaulted on the card.

12. On November 10, 2025, Zwicker & Associates, P.C., through its Rosemont office, filed suit on behalf of American Express National Bank against Ms. Page in the Circuit Court for the 14th Judicial Circuit of Illinois, for $8,340.

13. Ms. Page was served on December 6, 2025.

14. On December 8, 2025, Zwicker & Associates, P.C., sent Ms. Page an email inviting her to enter into a payment plan (Exhibit A).

15. Ms. Page responded by agreeing to a payment plan. The plan was confirmed in a letter from Zwicker & Associates, P.C., to her of December 10, 2025 (Exhibit B).

16. The plan payments totaled $8,006.25.

17. The plan did not provide for interest or court costs.

18. Exhibit B stated that the payments were "to be applied to the balance owed on the account referenced above."

19. Ms. Page has been making the payments, beginning December 11, 2025 (Exhibit C).

20. January 8, 2026 was the court date set when the case was filed.

21. On January 8, 2026, Zwicker & Associates, P.C., took a default judgment against Ms. Page for $8,240 ($100 less than the sum sought in the complaint) plus costs of $364.63. (Exhibit D)

22. On information and belief, Zwicker & Associates, P.C., did not attempt to warn Ms. Page that a judgment would be taken against her even though she had entered into a payment plan, that the judgment was enforceable for the entire debt immediately, or that the amount collectible under the judgment exceeded that provided for in the payment plan.

23. Ms. Page did not appear in court on January 8, 2026 because she believed that she had taken care of the matter by entering into a payment plan.

24. Illinois judgments bear interest.

25. The amount owed under the judgment is thus more than the amount owed under the payment plan.

26. Plaintiff was thereby injured.

27. In addition, Plaintiff was upset and distressed at having arranged to pay the debt and then having a judgment entered against her.

28. Although it is common in Illinois collection proceedings to enter into an order providing for specified payments to be made by the Defendant, Exhibit D does not so provide. Under Exhibit D, the entire sum may be collected immediately.

**COUNT I – FDCPA**

29. Plaintiff incorporates 1-28.

30. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

31. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt

collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

32. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

33. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

34. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

35. It is misleading and deceptive to:

a. Sue a consumer;

b. Enter into a payment plan with the consumer for a specified amount,

c. Thereafter obtain a judgment under which a greater sum is owed or collectable, immediately;

d. Without warning the consumer that such action is intended notwithstanding the payment plan;

36. Zwicker violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692e(15), 1692f, and 1692f(1) by engaging in such conduct.

37. Section 1692e provides:

> False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; . . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer. . . .

38. Section 1692f provides:

Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

i. Statutory damages;

ii. Actual damages;

iii. Attorney's fees, litigation expenses and costs of suit;

iv. Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 62970473)
Madeline G. Brashear (ARDC 6343249)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Dedelman@edcombs.com
tgoodwin@edcombs.com
mbrashear@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

C:\Users\awessell\AppData\Local\Temp\MyCaseFileSync\MyCase_Downloaded_Documents\509025489\complaint.wpd